**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE, as Guardian of J. Doe, a minor and in her individual capacity,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>WASHOE COUNTY SCHOOL DISTRICT, its Board of Trustees,<br><br>　　　　Defendant - Appellee,<br><br>and<br><br>SUSAN ENFELD, WASHOE COUNTY SCHOOL DISTRICT BOARD OF TRUSTEES,<br><br>　　　　Defendants. | No. 24-945<br><br>D.C. No. 3:23-cv-00129-ART-CLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted December 3, 2024
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Jane Doe appeals the district court's dismissal of her and her minor son's claims against Washoe County School District (the District) for lack of Article III standing. Doe argues that the District retaliated against her son, who is a District student, after she investigated the District's policies related to transgender and gender non-conforming students, established in Administrative Regulation 5161 (AR 5161). She seeks to invalidate AR 5161. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) de novo. *Arakaki v. Lingle*, 477 F.3d 1048, 1056 (9th Cir. 2007).

**1.** *Standing.* Doe argues that the alleged retaliation against her son establishes Article III standing. The elements of Article III standing are (1) the plaintiff suffered an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a likelihood, "as opposed to merely speculat[ion], that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks and citations omitted). Doe asserts that her son suffered an injury in fact when the District selectively disciplined her son following her inquiry into AR 5161.[1] Even assuming

---

[1] The District argues that Doe forfeited any arguments related to retaliation by failing to assert a retaliation claim below. We conclude that the plaintiff sufficiently

Doe plausibly alleged such injury, she did not allege a causal connection between the retaliation and AR 5161. Additionally, Doe does not explain how the retaliation would be redressed by invalidating AR 5161. Accordingly, we affirm the district court's dismissal for lack of standing.

2.      *Leave to Amend.*  Doe challenges the district court's dismissal without granting leave to amend. "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017) (quoting *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)). However, a "district court does not err in denying leave to amend where the amendment would be futile"—that is, where "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.* at 656 (citations omitted).

Doe has not alleged any facts linking AR 5161 to the alleged retaliation or any other concrete injury. Nor was she able to identify any allegations that would cure the jurisdictional defects if she was granted leave to amend. Thus, we conclude that amendment would be futile.

**AFFIRMED.**

---

presented this theory of standing below, including because the district court passed on it.